Mrs. Willie C. KIRKLAND, Plaintiff-Appellee,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 73–1455

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 14, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

William Stafford, Jr., U. S. Atty., J. Worth Owen, Asst. U. S. Atty., Pensacola, Fla., Carl H. Harper, Robert B. Bell, Dept. of HEW, Atlanta, Ga., Kathryn H. Baldwin, Jean A. Staudt, Dept. of Justice, Washington, D. C., for defendant-appellant.

Owen Ed Adams, Sr., Pensacola, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This action was initiated by Mrs. Kirkland, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare denying her disability insurance benefits. After remanding the case to the Appeals Council of H.E.W. for consideration of new evidence, the district court reversed the final decision of the Secretary. The Secretary appeals. We reverse.

In her claim for disability benefits, Mrs. Kirkland alleged that due to high blood pressure, arthritis, and kidney trouble, she had been disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d), on or before September 30, 1968, the last date on which she met the special earning requirements of 42 U.S.C. § 416(i). Mrs. Kirkland waived the right to appear at a hearing, and therefore the hearing examiner evaluated her disability claim on the basis of documentary evidence, which included medical records and the reports of personal interviews with the claimant. On the basis of this record, the hearing examiner concluded that Mrs. Kirkland did not suffer from any medically demonstrable disability within the meaning of § 423(d) prior to September 30, 1968. This determination was affirmed after review by the Appeals Council of H.E.W. and became the decision of the Secretary.

Subsequent to initiating the present judicial review under § 405(g), Mrs. Kirkland obtained the following statement from Dr. William H. Nass who had been her attending physician since April 1968:

June 5, 1972

This is to certify that Willie Kirkland is under my care for Hypertension, Arthritis, and Anxiety Reaction. Mrs. Kirkland was first examined by me on April 1, 1968. She was totally disabled at that time with no change in her condition at this date.

The filing of this statement resulted in remand by the district court to the Appeals Council, which twice affirmed its original determination. The district court then reversed the final decision of the Secretary on the sole authority of this court's opinion in Williams v. Finch, 440 F.2d 613 (5th Cir. 1971).

■ The district court's reliance on *Williams* is misplaced. There we held that where the claimant presented probative evidence demonstrating that he was disabled within the meaning of the Act, he was entitled to benefits unless the Secretary came forward with substantial contrary evidence.[1] *Cf.* Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971). *Williams,* however, does not modify the basic principle that the burden of establishing disability is on the claimant and not on the Secretary. Hart v. Finch, 440 F.2d 1340 (5th Cir. 1971); Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir. 1964).

In the present case Mrs. Kirkland failed to present sufficient evidence to establish that prior to September 30, 1968, she was suffering from a medically demonstrable impairment of such severity as to disable her from engaging in gainful employment which existed within the national economy. The claimant's medical history reveals that between 1961 and 1963 she had been admitted to hospitals on four occasions for the treatment of gynecological and renal problems. After each period of hospitalization, she was discharged as recovered. Her vocational record shows that despite these periods of hospital treatment she continued to work as a bookkeeper and typist until 1964. Although Mrs. Kirkland has not been regularly employed at any time after 1964, there is no evidence, aside from Dr. Nass's statement discussed below, that she was under medical treatment for a disabling condition during the period between 1964 and September 30, 1968.

After the expiration of her insured status, Mrs. Kirkland has been hospitalized for two periods totalling approximately two weeks. Upon her first hos-

---

1. In *Williams,* the claimant and his wife testified in detail to the extent of his disability. He further produced the opinions of four different physicians stating that he was disabled. Each opinion was accompanied by diagnostic findings upon which the medical conclusion had been based. The record showed that Williams had been declared totally and permanently disabled by the Veterans Administration, and that the Social Security Administration itself had previously rejected him for vocational rehabilitation because his impairment was "too severe."

pital admission in October 1969, her attending physician, Dr. Nass, signed a medical history stating that Mrs. Kirkland had "in the last two or three weeks" complained of weakness and dizziness. The admission diagnosis was a duodenal ulcer. The only past medical problem Dr. Nass mentioned was a 1961 hysterectomy and he expressly stated "no other serious illnesses noted." In January 1971 at the end of the second period of hospitalization, Dr. Nass made a final diagnosis of osteoarthritis with spinal disc degeneration, accompanied by a chronic anxiety reaction. The discharge summary shows that Mrs. Kirkland had responded favorably to physiotherapy and was discharged with a prescription of muscle relaxants and tranquilizers.

 Taken as a whole, Mrs. Kirkland's medical records, her physicians' diagnostic reports, her vocational history, and her personal statements concerning her condition, *see* DePaepe v. Richardson, 464 F.2d 92, 94 (5th Cir. 1972), fail to establish a disability within the requirements of the Social Security Act prior to September 30, 1968. The only other evidence which supports her claim of disability within the insured period is the certificate by Dr. Nass dated June 5, 1972, which asserts that she was "totally disabled" as early as April 1968. This statement, which is not only not supported by any clinical or laboratory findings but is directly contrary to the same doctor's hospital admission history, does not represent substantial evidence establishing a statutory disability. *See e.g.*, Valentine v. Richardson, 468 F.2d 588 (10th Cir. 1972); Sykes v. Finch, 443 F.2d 192, 194 (7th Cir. 1971); Steimer v. Gardner, 395 F.2d 197, 198 (9th Cir. 1968).

While this court has not required that a disability must be proven exclusively by objective medical data, Hayes v. Celebrezze, 311 F.2d 648, 654 (5th Cir. 1963), the claimant must produce more than an unsubstantiated, contradictory and totally conclusory statement to carry her burden of establishing a medically demonstrable disability on the relevant date.[2] *Cf.* Daniel v. Gardner, 390 F.2d 32, 33 (5th Cir. 1968).

 Unlike the claimant in *Williams*, Mrs. Kirkland has failed to meet her initial burden of proof of disability. The Secretary was therefore under no burden to come forward with substantial contradictory evidence. Disability benefits were properly denied and the decision of the district court is therefore.

Reversed.

---

2. The legislative history of recent amendments to the Social Security Act makes it clear that an unsupported medical conclusion as to impairment is not sufficient to establish disability under the Act:
 Statements of the applicant or conclusions of others with respect to the nature or extent of impairment or disability do not establish the existence of disability for purposes of Social Security benefits based on disability unless they are supported by clinical or laboratory findings or other medically acceptable evidence confirming such statements or conclusions.
 H.R.Rep.No.544, 90th Cong., 1st Sess. 30 (1967).