Betty J. BOYD, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, United States of America, Defendant-Appellant.

No. 81–6229.

United States Court of Appeals, Eleventh Circuit.

May 9, 1983.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., Gabriel L. Imperato, Baltimore, Md., Elyse Sharfman, Atlanta, Ga., for defendants-appellants.

Clifford R. Opp, Jr., Peavyhouse, Giglio, Grant, Clark & Charlton, Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH, HENDERSON and ANDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

In June 1978, appellee, Betty Boyd, applied to the Secretary of Health and Human Services for Social Security disability benefits. Boyd alleged that she was disabled as a result of an injury to her right elbow in August 1972.[1] After her application was denied, Boyd requested and received a hearing before an administrative law judge (ALJ). The ALJ decided that appellee had failed to establish the existence of a disabling impairment at any time prior to December 31, 1975, the date she last met the special earnings requirement of 42 U.S.C. § 423(c). The Appeals Council affirmed the ALJ's decision, thus making it the final ruling of the Secretary. Boyd sought review of that decision in the district court, which adopted the magistrate's recommendation that Boyd be awarded disability payments. The Secretary now appeals from the decision of the district court.

Our review of the factual findings in disability cases is quite limited. If there is substantial evidence in the record to support the Secretary's findings, they must be upheld. 42 U.S.C. § 405(g);[2] *Walden v. Schweiker,* 672 F.2d 835 (11th Cir.1982). The "substantial evidence" test is met if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion. Nevertheless, this "does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden,* 672 F.2d at 838.

A determination that is supported by substantial evidence may be meaningless, however, if it is coupled with or derived from faulty legal principles. Hence, we must also examine the legal premises upon which the Secretary's decision is based. *See Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

The claimant bears the initial burden of establishing the existence of a disability. To shoulder this burden, the claimant must prove that he is unable, due to his physical or mental impairment, to perform his previous work. The burden then shifts to the Secretary to establish that there is alternative gainful employment in the economy that the claimant is able to perform. If the Secretary is successful, the burden shifts one final time—back to the claimant, who then must prove that he is unable to perform the jobs suggested by the Secretary. *Smith v. Schweiker,* 646 F.2d 1075,

---

1. "Disability" is defined in 42 U.S.C. § 423(d)(1)(A) as the:

    inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

2. 42 U.S.C. § 405(g) provides, in part, that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

**1210**

1077 (5th Cir.1981).[3] We are concerned only with whether the appellee satisfied her initial burden of proving a disability.

■ The ALJ is guided by four considerations in determining whether a claimant is disabled within the meaning of the Social Security Act: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family; and (4) the claimant's age, education, and work history. *Smith*, 646 F.2d at 1077; *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir.1980); *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir.1980).

The injury to Boyd's arm in 1972 necessitated the insertion of an elbow prosthesis. Dr. McCarthy, appellee's treating physician in 1973, reported that he considered the treatment successful and that appellee would regain functional use of her right arm. Dr. Moreau, to whom appellee was referred by Dr. McCarthy for additional tests in October 1973, felt that the movement was within the normal range and that she had good strength in the arm. After the tests conducted in the fall of 1973, appellee sought no other medical treatment for her elbow until June 1977 when she visited Dr. Sprenger. After examining Mrs. Boyd, Sprenger concluded that the previous operations and treatment had failed. He removed the prosthesis from her elbow and administered further treatment.

The gap between October 1973 and June 1977 is critical in this case because the appellee's insured status ended on December 31, 1975. Boyd produced a letter from Dr. Sprenger stating his conclusion, based upon his treatment of appellee after June 1977, that she was "disabled from gainful employment from the time of her injury to the elbow. This certainly includes the period August 24, 1972 to date [May 5, 1980]." To support Sprenger's medical conclusion, claimant and her family testified that she continued to have extreme difficulty with her elbow after her last visit to Dr. McCarthy. For example, Boyd's son testified that

appellee was in almost constant pain, had to keep her arm in a sling, and was able to do very few household chores. The testimony showed that significant difficulties with the elbow continued after Mrs. Boyd last saw Drs. McCarthy and Moreau in 1973.

Evaluating the testimony and evidence concerning the period between October 1973 and June 1977, the ALJ stated in his decision:

> The lay testimony as to the severity of the claimant's condition during the approximate four years when she was not being treated or seen with right elbow complaints is helpful but may not be substituted for medical evidence of severity which is required by Social Security regulations. Moreover, the very absence of treatment militates agains[t] the conclusion that the claimant was severely impaired.

Implicit in the second sentence of the quoted portion of the ALJ's report is a finding that the testimony of the claimant and her family was not credible. By implying such a determination rather than expressly stating it, the ALJ has succeeded in muddying the waters, albeit unintentionally. We need not, however, dwell on the question whether the ALJ considered the testimony credible, for in the above-quoted material, the ALJ applied an incorrect standard of law.

■ Because the claimant's subjective testimony of pain was uncorroborated for the period of October 1973 to June 1977, the ALJ gave it little, if any, weight. This approach ignores this circuit's ruling in *Wiggins v. Schweiker*, 679 F.2d 1387, 1390–91 (11th Cir.1982), and the Fifth Circuit's holding in *Smith v. Schweiker*, 646 F.2d 1075, 1082 (5th Cir.1981), that a "claimant's subjective complaint[s] of pain may not be disregarded simply because they are not supported by objective clinical and laboratory findings.... Even subjective complaints of pain, if credited, standing alone can sustain a finding of disability in certain

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

cases." *Smith,* 646 F.2d at 1082. It was error for the ALJ to belittle the subjective testimony in this case.

▮ In reversing the decision of the Secretary, the district court also erred. Instead of remanding the case back to the Secretary for application of the correct rule of law to the evidence, the lower court adopted the magistrate's recommendation that appellee be awarded disability benefits. That decision went too far, because the Secretary's decision was, in effect, only that the appellee failed to sustain her initial burden of proving a disability. There was no need for the Secretary to reach the issue of possible alternative employment in the economy or of appellee's ability to perform such work. By bypassing the last two steps of the inquiry, the district court usurped the Secretary's statutory authority. The correct procedure would have been to vacate the Secretary's decision and remand the case for further consideration pursuant to *Smith v. Schweiker, supra.* This is the course we now take.

▮ In remanding the case, we also deem it necessary to guide the Secretary in her decision-making process. As noted above, she must take into account the subjective testimony of Boyd and her family, regardless of its corroboration or lack thereof by competent medical evidence. Additionally, the evidence provided by Dr. Sprenger, the appellee's treating physician as of June 1977, also must be considered. That Sprenger did not examine Mrs. Boyd until well after December 31, 1975, does not render his medical opinion incompetent or irrelevant to the decision in this case. Because the burden of proving disability is so great, the claimant must be allowed to introduce the testimony of her treating physician even though that relationship was not established until after the relevant period before December 31, 1975. We adopt the position of the Second and Seventh Circuits that a treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date. *See Dousewicz v. Harris,* 646 F.2d 771, 774 (2d

Cir.1981); *Stark v. Weinberger,* 497 F.2d 1092, 1097 (7th Cir.1974).

Our ruling today does not contradict the court's decision in *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). The Secretary cites *Kirkland* for the proposition that a report of a physician after the expiration of the insured status cannot be considered in the disability determination. Kirkland's insured status terminated on September 30, 1968, and she sought to use the following statement from the physician who had been her treating physician since April of the same year:

> This is to certify that Willie Kirkland is under my care for Hypertension, Arthritis, and Anxiety Reaction. Mrs. Kirkland was first examined by me on April 1, 1968. She was totally disabled at that time with no change in her condition at this date.

*Id.* at 48. The court ruled that the statement did not constitute substantial evidence supporting disability because not only was it wholly conclusory, but it was also directly contradictory to the same physician's hospital admission reports. *Id.* at 49. Nothing in the court's opinion precludes the rule we adopt in this case.

We remand this case to the district court with instructions that it be returned to the Secretary for a full evaluation, in accordance with the principles set forth in our opinion, of the existing evidence and any further evidence submitted by the parties and received by the ALJ.

REVERSED AND REMANDED.