Laura Mae JOYNT, Plaintiff,

v.

Margaret HECKLER, Secretary, Department of Health and Human Services, Defendant.

No. 82–6512 CIV–JCP.

United States District Court,
S.D. Florida.

June 25, 1984.

Lyle Lieberman, Miami, Fla., for plaintiff.

Ana Barnett, Asst. U.S. Atty., Miami, Fla., for defendant.

ORDER

PAINE, District Judge.

This cause is before the Court upon review of the report and recommendation of United States Magistrate Patricia Jean Kyle (DE 12), the objections thereto and the response to objections. Plaintiff appeals the denial of benefits by the Appeals Council which was a result of that body's reversal of the Administrative Law Judge's finding that Plaintiff was disabled and

therefore entitled to benefits. This Court has reviewed the submissions of the parties, the recommendation of the Magistrate and the entire record herein, *de novo*.

The report of the Magistrate accurately and exhaustively details the facts found in the record. The statement of facts as presented in the Magistrate's recommendation is therefore adopted in its entirety and is incorporated by reference. The Magistrate recommends that this Court reverse the finding of the Appeals Council and remand for proceedings not inconsistent with the report and recommendation. Additionally the Magistrate seems to slip a hint into the report and recommendation that Plaintiff should seek an award of attorney's fees pursuant to the Equal Justice Act, although, clearly, no determination was made as to what the resolution of such a motion would be.

Defendant's objections to the Magistrate's report can be categorized as follows:

1.  that the recommendation itself, to reverse and remand, is confusing in that it is not clear whether a new factual hearing should be held as to Plaintiff's ability to perform sedentary work;

2.  that the Magistrate improperly made a "finding of fact" that Plaintiff was unable to do sedentary work; and

3.  that the Magistrate improperly suggested that this Court consider an award of attorney's fees under the Equal Access to Justice Act should her report and recommendation be accepted.

■ Defendant's first objection is without merit. It has long been the language of tribunals sitting in appellate review to use the language "reverse and remand for findings not inconsistent with this opinion." This Court finds it hard to believe that Defendant is truly confused as to the Magistrate's intent given the strong language in her report and recommendation. It is clear to this Court that the Magistrate recommends that the case be reversed and remanded with directions to the Secretary to enter an award of benefit entitlement in Plaintiff's favor. Defendant suggests in this vein that the matter should be remanded in order to allow for a factual determination of whether Plaintiff can perform sedentary work. A review of the record herein shows plainly that such a determination has already been the subject of a factual decision on the part of the Administrative Law Judge (*see* r. at 17). To suggest that merely because the Appeals Council disagrees with the findings of fact made by the Administrative Law Judge is insufficient grounds to require that the issue be determined anew. The question is not whether there is disagreement among the various judicial officers and administrative persons who have reviewed this file, but rather whether the denial of the Appeals Council is based on any substantial evidence in the record, and as a matter of consequence, whether the Administrative Law Judge's findings and conclusions were based on substantial evidence in the record. *Boyd v. Heckler*, 704 F.2d 1207 (11th Cir.1983). This Court is bound by the findings of facts and the determination of credibility made by the Secretary. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982). The problem in this case is that there are conflicting opinions as to the facts and the credibility issues in the Secretary's own ranks.

■ In determining whose interpretation of the record to follow, it is important to bear in mind the function of the Appeals Council. It is well settled that no appellate body, be it judicial or administrative, should supplant its opinion for that of the judge who had the opportunity to view the record in its evolution and view first hand the credibility of the witnesses. In this instance, the Appeals Council has done just that. In finding that the Administrative Law Judge's decision was not supported by substantial evidence the Appeals Council stated that

> [i]n *weighing* the record, the Council believes that the claimants complaints are credible to the extent that her impairments are severe and preclude her from

performing medium and heavier work; however, the Council finds that she retains the functional capacity for sedentary and light work.

Record at 10. It is interesting to note that the Appeals Council did not find it necessary to support this statement with any reference to the record herein. Presumably, this lack of reference is due to the fact that the only evidence of Plaintiff's ability to perform at *any* work level was tendered by her treating physician, Dr. Glass. It was Dr. Glass' opinion that Plaintiff was unable to perform *any* work, heavy medium, sedentary or light. This opinion was based on the numerous consultations with Plaintiff as her treating physician over a five year period and the tests and medical evaluations that were made as a part of that medical relationship.

The Court notes the presence of the report of examination of a physician from the Social Security Administration. During that examination, the Plaintiff was required to run a treadmill test and submitted to an EEG which proved "normal". Although consideration of those findings must naturally be considered, to suggest that they can be of sufficient weight to obliterate the objective findings of the treating physician is erroneous. Although the diagnosis and conclusions of the treating physician are not etched in stone, it is "unquestionably logical that the opinions, diagnosis and medical evidence of the treating physician, whose familiarity with the patient's injuries, course of treatment and response over a considerable period of time should be given considerable weight unless there is good cause shown to the contrary." *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir.1981). The point is that Dr. Glass' opinions as to Plaintiff's medical situation, based on 17 examinations from April 30, 1980 through July 27, 1981 and various hospital consultations from July 7, 1981 through July 18, 1981, cannot be discounted out of hand because of one negative finding on the part of a Social Security physician.

Defendant's suggestion that the Magistrate made a "finding of fact" is equally without merit. The Magistrate's report does nothing more in this vein than point out the fact that the record is silent as to any medical evaluation of Plaintiff's ability to perform sedentary work with the exception of the finding of Dr. Glass which is clearly that she cannot. The Appeals Council should not, and must not, engage in supplanting its judgment for that of the trier of fact. To do so, from the standpoint of any appellate body, simply engenders the entire judicial process with equivocation and constant lack of finality. In this instance, the Court agrees with the Magistrate that the Appeals Council overstepped its proper role in its decision to reverse the holding of the Administrative Law Judge. The ALJ's determination of the facts and the credibility of the witnesses and the reports of the medical professionals is supported by substantial evidence in the record and must, therefore, be affirmed.

With regard to the suggestion of impropriety on the part of the Magistrate for suggesting the possible application of the Equal Access to Justice Act in this instance, the Court will only say that any impropriety, if indeed there is any, is harmless. As Defendant points out, no application under that Act has been made to the Court at this point in time, nor can such an application be made until the final resolution of the case. Accordingly, it is

ORDERED and ADJUDGED that the report and recommendation of the United States Magistrate is adopted and approved. The decision of the Appeals Council is reversed and remanded to the Secretary for entry of a decision of entitlement to benefits. The Clerk of the Court is directed to close the file.