**Martha RODRIGUEZ, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83–2175–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 14, 1984.

Rogelio R. Oliver, Miami, Fla., for plaintiff.

Marilynn G. Koonce, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER REVERSING SECRETARY

SPELLMAN, District Judge.

THIS CAUSE is before the Court to review the final decision of the Secretary of Health and Human Services (HHS) determining that Plaintiff is not entitled to a period of disability and to disability insurance benefits under § 216(1) and § 223 of the Social Security Act, Title II, as amended.

For the reasons stated below, this Court reverses the decision of the Secretary and remands this cause to the Secretary for further proceedings, not inconsistent with this Opinion.[1]

## BACKGROUND

Plaintiff is a married white Cuban female, born December 7, 1926, who came to the United States 19 years ago. She has a sixth grade education and has worked in the United States making sandwiches and in a sewing factory.

Plaintiff was hospitalized several times following a serious motor vehicle accident in 1978. In 1979, she underwent surgery on a cancerous leg. In January, 1981, she applied for disability insurance benefits and in December, 1981, an Administrative Law Judge found she was not disabled. Review of that Order was not pursued.

In April, 1982, Plaintiff filed a second application. A hearing was held in April, 1983, an adverse Decision being published therefrom.

At the hearing before the Administrative Law Judge, Plaintiff testified that she suffered from high blood pressure, depression, and from pain in her left arm, stomach, right leg, and head due to six abdominal operations.

---

1. The Secretary decided that Plaintiff had failed to sustain her initial burden of proving disability. The issues of possible alternative employment and Plaintiff's ability to perform such work were never passed upon. Magistrate Nimkoff recommended that an Order be entered in favor of Plaintiff's receipt of benefits from De-

## STANDARD OF REVIEW

In reviewing the appeal of an initial disability benefits case, the scope of review is quite limited. If there exists substantial evidence in the record to support the Secretary's findings, they must be upheld. 42 U.S.C. § 405(g) (1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983); *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). Even if this Court finds the evidence preponderates against the Secretary's decision, this Court must affirm if the decision is supported by substantial evidence. Substantial evidence is that amount of evidence "a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

## THE LAW AS IT APPLIES TO PLAINTIFF

In determining whether a claimant is disabled within the meaning of the Social Security Act, the Administrative Law Judge is guided by four considerations:

(1) the objective medical facts or clinical findings;

(2) diagnoses of examining physicians;

(3) subjective evidence of pain and disability; and

(4) the claimant's age, education, and work history.

*Boyd v. Heckler*, 704 F.2d 1207, 1210 (11th Cir.1983)

In the present case, the Administrative Law Judge had before it evidence supporting all of the above considerations. Nevertheless, the Administrative Law Judge disregarded Plaintiff's subjective complaints of pain, noting such impairments were "not really substantiated by the medical record." *See* ALJ Decision at 4.

---

cember 29, 1981. Such an Order, however, would usurp the Secretary's statutory authority. The correct procedure is to vacate the Secretary's decision and remand the case for further consideration not inconsistent with this Order. *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir.1983).

## I. *Subjective Complaints of Pain*

■ At the hearing before the Administrative Law Judge, testimony was taken from the Plaintiff's son, as well as from the claimant. Plaintiff testified that she experiences pain in the abdomen area continuously, and spends part of her time lying down. She testified the pain prevents her from going back to work. Plaintiff's son testified he speaks to his mother once or twice a day and she frequently complains of pain.

■ The Administrative Law Judge found that Plaintiff's claims of impairment, such as "heart problems and abdominal pains" were "not really substantiated by the medical record." *See* ALJ Decision at 4. This approach ignores this Circuit's recent decisions. Both the Fifth and the Eleventh Circuits have emphatically rejected the notion that, in order to be disabling, subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings. *Wiggins v. Schweiker,* 679 F.2d 1387, 1390 (11th Cir. 1982); *Walden v. Schweiker,* 672 F.2d 835, 840 (11th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075, 1082 (5th Cir.1981). Since pain alone may give rise to a disability, the Administrative Law Judge must consider subjective evidence of pain, and failure to do so is reversible error. *Walden v. Schweiker,* 672 F.2d at 840.

Since the Administrative Law Judge did not consider Plaintiff's complaints of pain to the extent that they were not objectively supported by medical evidence, this case must be reversed and remanded.

## II. *Proper Weight to Accord Treating Physicians' Opinions*

■ The Secretary's decision calls for reversal on a second ground. Although the Administrative Law Judge must accord "substantial weight" or "considerable weight" to the opinion, diagnoses and medical evidence of claimant's treating physi-

cians, *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982), this was not done.

One of Plaintiff's treating physicians, Dr. Diego Gasso, reported he had advised Plaintiff to stop working due to her physical limitations. He diagnosed that her abdominal pain resulted from tremendous amounts of adhesions secondary to Plaintiff's previous surgeries; and, the pulling of her abdominal muscles over the previous scars made it very difficult for Plaintiff to work. *See* ALJ Decision at 3.

Plaintiff was also treated by Dr. Ivan Barrios. Dr. Barrios rated claimant's permanent functional impairment equal to five to seven percent of the body as a whole in June, 1979. Dr. Barrios' final report stated that claimant's residual functional disability will interfere with her normal activities at work, which require significant physical effort as a sewing machine operator.[2]

At the request of the Administration, Plaintiff was examined by Dr. Jerimiah Ben-Zvi, a cardiologist, who reported virtually normal medical findings in all areas. Despite Plaintiff's six abdominal surgeries, Dr. Ben-Zvi found Plaintiff's complaints of abdominal pain to be "vague" and ascribed her discomfort to "typical features of neurotic anxiety."

Notwithstanding the opinion of Dr. Gasso, and the opinion of Dr. Barrios that Plaintiff's condition and residual functional disability would interfere with her normal activities as a machine operator, the Administrative Law Judge noted that even claimant's treating orthopedist (Dr. Barrios) had failed to confirm that plaintiff was unable to perform her former job as a sewing machine operator. *See* ALJ Decision at 3. Based solely on the Administration's consulting physicians's report, the Administrative Law Judge concluded that Plaintiff has no impairment of the left hand severe enough to prevent her from working as a sewing machine operator or a finisher, or a sandwich maker. This is clearly an

---

2. Additionally, Plaintiff was also evaluated by a vocational expert, Mr. Eugene Greenspan. Mr. Greenspan is a Rehabilitation Councelor involved in evaluating, training, and job place- ment of handicapped people. Mr. Greenspan testified that claimant was unable to return to her factory work or any equivalent level of unskilled work.

incorrect application of the proper weight to be accorded a treating physician's diagnosis and demands reversal.

For all the above reasons, the decision of the Administrative Law Judge that Plaintiff was not entitled to disability and disability insurance benefits under § 216(1) and § 223 of the Social Security Act, Title II, is hereby reversed. This cause is remanded to the Secretary for further proceedings not inconsistent with this Order.