13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emma Jean HANDO, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-8039.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Emma Jean Hando appeals from an order affirming the Secretary's decision denying her application for disability insurance benefits. The Secretary found that Ms. Hando failed to establish she was disabled at any time through December 31, 1989, the date she last met the disability insured status requirements of the Social Security Act, 42 U.S.C. 401-433. Ms. Hando challenges this determination on a number of grounds. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 4
 Ms. Hando applied for disability benefits in 1987, claiming she became disabled due to chemical allergies on May 15, 1984. Her application was denied initially and on reconsideration. Following a hearing, an administrative law judge (ALJ) found that Ms. Hando was not disabled because she could return to her past relevant work. The Appeals Council denied Ms. Hando's request for review.
 
 
 5
 Pursuant to the joint motion of the parties, the district court remanded the matter to the Appeals Council, which remanded the matter to the ALJ for a supplemental hearing. In his second decision, the ALJ found that Ms. Hando could not return to her past relevant work. However, she had a residual functional capacity (RFC) to perform light and sedentary work limited by her need to avoid exposure to petroleum based fumes and direct skin contact with petroleum based solvents, although she could tolerate occasional exposure to petroleum based fumes. Based on a vocational expert's (VE's) testimony, the ALJ found she could perform a variety of sedentary and a limited number of light jobs, such as order taker, order caller, shipping and receiving worker, billing clerk, inventory taker, some inspector jobs, electronics assembler, packaging machine operator, and packaging machine feeder. He again denied her claim for benefits. The Appeals Council and district court affirmed.
 
 
 6
 The record establishes that Ms. Hando was exposed to paint while working for a coal mine in the early 1980's. She fainted following two days of exposure in 1982. She was terminated from her job in 1984, and has not worked since then. Prior to her job at the coal mine, she worked as a receiving clerk, on a ranch, made deliveries, and owned a service station, but had not experienced any problems with petroleum based chemicals. She claims that when she is exposed to petroleum based products and other chemicals, she experiences symptoms such as weakness, diarrhea, mood swings, itching, depression, hot and cold feelings, numbness, dizziness, hearing problems, and frequent menstrual cycles. Her daily activities include cooking, housework, shopping for groceries, watching television and reading, seeing friends and family, and going to football and basketball games. She drives about forty miles a week and smokes cigarettes.
 
 
 7
 The Secretary employs a five-step evaluation sequence for determining disability. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993). The findings as to the first four steps--that Ms. Hando has not engaged in substantial gainful activity since May 15, 1984; that she has a severe impairment; that her impairment is not a listed impairment; and that she is unable to perform her past relevant work--are not at issue. Rather, this appeal concerns step five, where the Secretary has the burden of proving that the claimant can perform other work in the national economy. Id. We review the record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 8
 Ms. Hando first contends that the Appeals Council erred by disregarding the findings and opinion of treating physician Dr. Richard Nelson.[2] Ms. Hando began seeing Dr. Nelson in early 1991. He concluded that the results of an antibody blood test and PET scan were compatible with Ms. Hando's claim of chemical sensitivity which, he believed, stemmed from her exposure to paint in the early 1980's. He further concluded that she was disabled because she had to avoid a variety of chemicals which are ubiquitous in the environment.
 
 
 9
 "[T]he Secretary must give substantial weight to the testimony of a claimant's treating physician, unless good cause is shown to the contrary." Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). If the opinion of the claimant's treating physician is to be disregarded, the Secretary must provide specific, legitimate reasons for doing so. Id.
 
 
 10
 The Appeals Council noted that Dr. Nelson's report was based on results of tests performed well over one year after the expiration of Ms. Hando's disability insured status which were, therefore, "of diminished relevance to the pertinent period at issue." Appellant's Supp.App. Vol. II at 465. However, Dr. Nelson's report cannot be disregarded simply because it is based on tests and examinations performed after the expiration of Ms. Hando's insured status. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348 (10th Cir.1990)("[A] treating physician may provide a retrospective diagnosis of a claimant's condition.").[3]
 
 
 11
 The Secretary points out that a retrospective diagnosis without evidence the claimant was actually disabled prior to expiration of the claimant's insured status is insufficient to establish disability. We agree. Id. at 1349. Dr. Nelson's report, dated March 9, 1992, stated that Ms. Hando was disabled, that he believed her symptoms stemmed from her exposure to paint in 1981 and 1982, and that she had had the same symptoms since that exposure. Thus, the report does provide some evidence of actual disability during Ms. Hando's insured status.
 
 
 12
 Nevertheless, the Appeals Council also concluded that Dr. Nelson's report was not persuasive in overcoming the substantial evidence of record indicating that Ms. Hando was not disabled before December 31, 1989. The Appeals Council specifically referred to the following evidence: 1) Dr. Robert Van Scoy's December 9, 1983, opinion that Ms. Hando's examination and tests were normal and that no evidence of intoxication to exposure was found; 2) Dr. Melvin Amundsen's May 6, 1988, testimony that he thought her problems were psychological because he was unaware of any mechanism that would explain her reactions on a physical basis; 3) Dr. Krishna Urval's January 9, 1991, report in which he found no objective evidence of allergic reaction to environmental chemicals; and 4) Exhibit B-16, which includes a) Dr. Anthony Montanaro's March 14, 1985, report that Ms. Hando's problems were predominantly psychiatric because he saw no evidence of a physical disability or that any alleged disability could be traced to any exposure on the job, and b) a vocational consultant's report that although he had prompted Ms. Hando to consider other forms of work, she had not recently given thought to doing so and anticipated that as a result of a lawsuit she would become a " 'wealthy woman,' " Appellant's Supp.App. Vol. II at 708. The consultant also thought her motivation to return to work was very poor.
 
 
 13
 The Appeals Council also agreed with the ALJ's observations concerning the opinions of the other treating physicians. The ALJ noted that Dr. Kendall Gerdes acknowledged Ms. Hando could tolerate infrequent exposure to chemicals. He further observed that Dr. Theron Randolph never stated that Ms. Hando is completely unable to work. He also noted that Dr. Montanaro thought the results of tests performed by Dr. Laurine Ludwig were questionable because the tests were based on a methodology that has not been validated.
 
 
 14
 The treating physician's opinion on the subject of disability is
 
 
 15
 "binding on the fact-finder unless contradicted by substantial evidence; and ... [is] entitled to some extra weight because the treating physician is usually more familiar with a claimant's medical condition than are other physicians, although resolution of genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the fact-finder."
 
 
 16
 Kemp v. Bowen, 816 F.2d 1469, 1476 (10th Cir.1987)(quoting Schisler v. Heckler, 787 F.2d 76, 81 (2d Cir.1986)). We agree with the Appeals Council that substantial evidence contradicts Dr. Nelson's opinion that Ms. Hando is disabled. The Appeals Council was entitled to resolve conflicts in the evidence and was not required to accept Dr. Nelson's opinion that Ms. Hando is disabled.
 
 
 17
 Ms. Hando next challenges the Secretary's finding that she continues to engage in snowmobiling, claiming she stopped doing so years ago. The Secretary relied on this finding in evaluating Ms. Hando's credibility concerning her claim that she cannot tolerate exposure to gasoline fumes. The record contains a February 1988 notation that Ms. Hando was "doing a lot with the snowmachine club, incl in a race." Appellant's Supp.App. Vol. I at 211. The record thus supports the Secretary's finding that Ms. Hando continued to be involved with snowmobiling after the claimed onset of her disability.
 
 
 18
 Ms. Hando challenges the Secretary's reliance on her daily activities. While evidence that a claimant engages in limited activities does not establish that she can work, such evidence may be considered, along with other evidence, in considering entitlement to disability benefits. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). Here, the Secretary noted that Ms. Hando's daily activities--which include driving a car forty miles a week which exposes her to petroleum fumes, attending basketball games where she may encounter perfumes, colognes, and fumes from solvents, and visiting other people in their homes--were inconsistent with her claims that she cannot tolerate even low levels of exposure to chemicals. Ms. Hando's daily activities were properly considered along with other evidence in the record in determining that she is not disabled.
 
 
 19
 Ms. Hando next challenges the VE's testimony that a person with her physical limitations and need to avoid exposure to petroleum based fumes and solvents could perform certain jobs. She argues that VEs traditionally rely on the Dictionary of Occupational Titles (DOT) for details as to what a job entails, yet the DOT does not include information showing what types of chemicals one would encounter on these jobs. There is no indication in the record that the VE relied on the DOT, however.
 
 
 20
 The VE's qualifications are also challenged on the ground that he is not an expert on the subject of chemical poisons in the workplace. Ms. Hando's counsel expressly stated at the evidentiary hearing that he had no objections to the VE's qualifications. Any objection has been waived. Cf. Davis v. Mathews, 450 F.Supp. 308, 316 (E.D. Cal.1978).
 
 
 21
 Ms. Hando asserts that the ALJ's question to the VE did not include her mental limitations.[4] The ALJ completed a Psychiatric Review Technique Form (PRT) in which he determined that Ms. Hando had a somatoform disorder as evidenced by a psychological overlay. In his decision, he explained that Ms. Hando's psychological problem caused her to exaggerate the extent of her sensitivity to chemicals.
 
 
 22
 A somatoform disorder exists when there are "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.07. It causes a claimant to exaggerate her physical problems in her mind beyond what the medical data indicate. Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir.1989). Such a disorder may itself be disabling. Id.
 
 
 23
 Based on the ALJ's findings in the PRT as to Ms. Hando's functional limitations, her somatoform disorder did not meet the listing at 12.07. However, the findings do indicate a severe mental impairment. See Hargis v. Sullivan, 945 F.2d 1482, 1488 n.5 (10th Cir.1991). An ALJ should question a VE about a mental impairment that does not meet a listing but nevertheless is so severe the claimant could not effectively perform proffered employment. Id. at 1492.
 
 
 24
 The Appeals Council, however, did not agree that Ms. Hando had a serious psychological problem. It noted a psychologist's testimony that if Ms. Hando had such a problem, her behavior would be more and more socially restrictive. However, her activities were inconsistent with a fear of chemical exposure. The record supports the Appeals Council's observation about Ms. Hando's psychological problems. Consequently, we find no error.
 
 
 25
 Finally, Ms. Hando challenges the fact that the ALJ made new findings concerning her chemical sensitivity in his second decision. Nothing in the Appeals Council's remand order prohibited the ALJ from doing so. We find no error.
 
 
 26
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Dr. Nelson's findings were not submitted to the ALJ
 
 
 [3]
 Other circuits hold that a treating physician's opinion is still entitled to significant weight even if he did not treat the claimant until after the relevant determination date. Millner v. Schweiker, 725 F.2d 243, 246 (4th Cir.1984); Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir.1983); Dousewicz v. Harris, 646 F.2d 771, 774 (2d Cir.1981)
 
 
 [4]
 The ALJ relied on the VE's answer to a hypothetical question that assumed the claimant must avoid exposure to petroleum based fumes and direct skin contact with petroleum and petroleum based solvents. He did not rely on the VE's answer to a hypothetical question that assumed the claimant must avoid all exposure to such chemicals to the extent claimed by Ms. Hando