**Beverly NORMAN, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 1:97–CV–1565–WBH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 11, 2000.

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Beverly Norman, plaintiff.

William G. Traynor, Office of United States Attorney, Atlanta, GA, for Kenneth S. Apfel, Commissioner, Social Security Administration, defendant.

## ORDER

HUNT, District Judge.

Plaintiff Beverly Norman brings this action seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits. The magistrate judge recommends that the final decision of the Commissioner be affirmed. Because plaintiff has filed objections [10] to the magistrate judge's Report and Recommendation, the Court must carefully consider these objections and conduct a *de novo* review with respect to those objections. *Nettles v. Wainwright,* 677 F.2d 404, 409 (5th Cir. Unit B 1982).[1]

■ Nevertheless, the scope of judicial review of the Commissioner's decision is limited. The court's function is (1) to determine whether the record, as a whole, contains substantial evidence to support the findings and decisions of the Commissioner, and (2) whether the Commissioner applied proper legal standards. *Vaughn v. Heckler,* 727 F.2d 1040, 1042 (11th Cir. 1984). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983).

■ The claimant has the initial burden of establishing the existence of a "disability" by demonstrating that he is unable to perform his former type of work. *Freeman v. Schweiker,* 681 F.2d 727, 729 (11th Cir.1982). If the claimant satisfies his burden in this respect the burden shifts to

1. The underlying facts of this action are summarized in the Report and Recommendation. The Court ADOPTS those portions of the Report & Recommendation.

the Commissioner to demonstrate that the claimant, given his age, education, work experience, and impairment, has the capacity to perform other types of jobs which exist in the nation's economy. *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir. 1983).

Under the regulations promulgated by the Commissioner, a five-step sequential procedure must be followed when evaluating a disability claim. 20 C.F.R. §§ 404.1520(a) and 416.920(a). In this sequential evaluation, the Commissioner must consider in order: (1) whether the claimant is gainfully employed, 20 C.F.R. §§ 404.1520(b) and 416.920(b); (2) whether the claimant has a severe impairment which significantly limits his ability to perform basic work-related functions, 20 C.F.R. §§ 404.1520(c) and 416.920(c); (3) whether the claimant's impairment meets the listing of impairments found in: 20 C.F.R. §§ 404.1520(e) and 416.920(d); (4) whether the claimant can perform his past relevant work, 20 C.F.R. §§ 404.1520(e) and 416.920(e); and (5) whether the claimant is disabled in light of his age, education, and residual functional capacity, 20 C.F.R. §§ 404.1520(f) and 416.920(f). If, at any step in the sequence, a claimant can be found disabled or not disabled, the sequential evaluation ceases and further inquiry ends. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

Here, the ALJ ended this analysis at step four, finding that plaintiff's subjective complaints of major depression with psychotic features were not fully credible and that plaintiff was not disabled within the meaning of the statute because she has the residual functional capacity to perform medium work activities that she previously performed such as laundry checker and laundry assistant. Tr. at 33–34. In her objections, plaintiff contends that the ALJ erred by failing to attempt to contact her treating physician before sending her out for consultative psychological and psychiatric examinations. She contends that, pursuant to the statute and regulations,

once it was determined that additional information was necessary to decide her claim, the ALJ was required to first attempt to obtain this additional information from her treating physician at Kirkwood Mental Health Center, Dr. Bowen, and this failure may have prejudiced her claim and warrants a remand. The Court agrees.

20 C.F.R. § 416.912(f) provides:

We will first contact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available ... Generally, we will not request a consultative examination until we have made every reasonable effort to obtain medical evidence from your own medical sources. However, in some instances, such as when a source is known to be unable to provide certain tests or procedures or is known to be nonproductive or uncooperative, we may order a consultative examination while awaiting receipt of medical source evidence. We will not evaluate this evidence until we have made every reasonable effort to obtain this evidence from your medical sources.

*Id.* There is no dispute that the ALJ failed to indicate whether any efforts were made to contact plaintiff's treating physician. Instead, it appears from the record that the ALJ went immediately to two consultative physicians. Additionally, as plaintiff points out, the evidence that she has since obtained from her treating physician is highly favorable to her—he indicates that she has "no useful ability" to deal with the public, deal with stress, deal with complex or detailed instructions or relate predictably in social situations. Plaintiff's Exhibit "A". Dr. Bowen also indicates that plaintiff has "seriously limited" and unsatisfactory ability to follow work rules, relate to coworkers, use judgment, interact with supervisors, function independently, maintain attention and concentration, follow simple instructions, behave in an emotionally stable manner and demonstrate reliability.

*Id.* Under these circumstances, the Court is persuaded that a remand is necessary. *See Wiggins v. Schweiker,* 679 F.2d 1387, 1390 (11th Cir.1982) (Remand required where reviewing court is unable to determine from the record whether ALJ properly considered treating physician's testimony). Accordingly, the Commissioner's decision is VACATED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this order. *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

## CONCLUSION

For the reasons stated above, the Court REJECTS the Report and Recommendation [9–1], VACATES the Commissioner's decision, and REMANDS this action for further proceedings. The Clerk is DIRECTED to close this case.