Walter R. BROUGHTON,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary
Health & Human Services,
Defendant-Appellee.

No. 85–3299
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 18, 1985.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Claimant/appellant Walter Broughton appeals from a district court order affirming the final decision of the Secretary of Health and Human Services denying his application for Social Security disability benefits. Because the ALJ applied erroneous legal standards, we reverse and remand.

Broughton was born in 1933 and has a seventh grade education. His past relevant work experience was as a printing supervisor and plant superintendent for a paper company. He last worked about June 1, 1980, when he was hospitalized for

back surgery. In April 1983, Broughton filed an application for disability insurance benefits. He claimed that he had been unable to work since June 1980, because of back problems.[1]

The medical evidence shows that Broughton has suffered from back problems for several years. In June 1980, he was first seen by Dr. Ethan O. Todd, who continued to be his treating physician through the date of the ALJ's decision. He was evaluated for back pain, with x-rays showing narrowing of a lumbosacral interspace. His impairment did not improve with conservative treatment, and during February 1981, due to degenerative disc disease, he underwent back surgery involving a spinal fusion. In January 1984, the last report made by Dr. Todd before the ALJ issued his decision recommended that Broughton have a Luque rod fusion and exploration of his pseudoarthrosis.

Broughton was also seen by Dr. Seymour Morse in January 1982. Dr. Morse found "[i]n regards to limitations, he is definitely limited in work activities which would require loading and unloading or any type of heavy lifting." Dr. George I. Raybin examined Broughton in April 1982; his findings are discussed below. In addition, a report described below was filed by a nonexamining physician, Dr. Sanford Cobb, in August 1983.

The ALJ found that Broughton was able to stand, walk or sit for long periods of time without difficulty and could frequently lift or carry objects weighing 25 pounds and occasionally as much as 50 pounds. Record at 8. Consequently, the ALJ found that Broughton had residual functional capacity to perform medium work under the Social Security regulations, and also concluded that Broughton retained the ability and capacity to return to his usual employment as production supervisor and plant superintendent. *Id.* The ALJ expressly supported his findings as to Broughton's abilities to stand, walk, sit and lift by reference to a residual functional capacity as-

sessment by Dr. Cobb, the nonexamining physician. Record at 227–28.

However, Dr. Cobb's findings are contradicted by the medical findings of examining physicians. Dr. Raybin found:

> Any excessive activity with his back will cause increased pain and be debilitating. At the present time, I feel that he is able to stand and walk about, but he must do this for short periods and then rest. He can do no bending, squatting or lifting. Even sitting, as will be required by a desk job, is impossible for him to carry out. He can carry weights up to about 15 to 20 pounds for short periods. He should not do excessive stair climbing.

Record at 177. Dr. Raybin concluded that Broughton "cannot do any form of work." *Id.* In addition, in August 1982, Dr. Todd found that:

> Mr. Broughton is unable to do his former job. He cannot sit or stand for a long period of time, has to be up and moving around every so often. It would be difficult to train him for a sedentary job because he cannot sit for more than an hour or two at a time, due to his degenerative disc disease with subsequent fusion.

Record at 179. In his latest report, dated January 1984, Dr. Todd indicated that Broughton had shown very little improvement since his operation, that he was still unable to be gainfully employed, and that an additional back operation was recommended. Record at 244.

We conclude that the legal standards applied by the ALJ were erroneous in two respects: (1) the ALJ did not accord substantial weight to the findings of the treating physician or articulate good cause for not doing so; and (2) the ALJ apparently placed controlling reliance on the opinion of a nonexamining physician.

 An administrative law judge must accord "substantial" or "considerable" weight to the opinion of a claimant's treating physician unless "good cause" is shown to the contrary. *See, e.g., Wiggins v.*

---

**1.** Broughton previously filed two applications for disability benefits based on the same back injury. Both claims were denied by the Secre-

tary and Broughton did not seek judicial review of the denials.

*Schweiker,* 679 F.2d 1387, 1389 (11th Cir. 1982). As the former Fifth Circuit explained in *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981),[2] "[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight."

 The decision of the ALJ provides no clue as to why he discounted the opinion of Dr. Todd, the treating physician, and no such "good cause" is apparent in the record. The report of Dr. Cobb, the non-examining physician, could not provide "good cause," since we have held that the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician. *Spencer ex rel. Spencer v. Heckler,* 765 F.2d 1090, 1093–94 (11th Cir.1985). Thus, the ALJ applied an erroneous legal standard with respect to the findings of the treating physician.

Also, the ALJ applied erroneous standards in placing controlling weight on the opinion of a nonexamining physician. In his findings regarding Broughton's physical abilities, the ALJ referred only to the evaluation of Broughton's residual functional capacities contained in the report of the nonexamining physician, Dr. Cobb. The ALJ's reliance on the opinion of the nonexamining physician is error for two reasons. First, the "opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician." *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir.1981) (Unit B).[3] Thus, the ALJ incorrectly accorded more weight to the nonexamining physician than to two examining physicians—Dr. Todd and Dr. Raybin, the consultant physician. Second, we have held that the "reports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision." *Spencer ex rel. Spencer v. Heckler,* 765 F.2d at 1094. Therefore, Dr. Cobb's report alone could not serve as a basis for finding that Broughton is not disabled.

Although we have found that the ALJ erred in his application of the legal standards, at this time we decline to enter an order requiring entitlement to disability benefits. While it is true that the opinions of Drs. Todd and Raybin provide strong evidence of disability, it is at least arguable that the report of Dr. Morse is to the contrary. Consequently, it is appropriate that the evidence be evaluated in the first instance by the ALJ pursuant to the correct legal standards.

We therefore reverse the district court's order and remand for reconsideration by the ALJ.

REVERSED and REMANDED.

---

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

3. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34.