Allan R. PREBLE, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Defendant.

No. 88–6883–CIV.

United States District Court,
S.D. Florida.

Aug. 15, 1989.

Lyle D. Lieberman, Miami, Fla., for plaintiff.

Marilyn G. Koonce, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Report and Recommendation of United States Magistrate, William C. Turnoff, filed with this Court on June 23, 1989. For the reasons set forth below, this Court hereby adopts said Report and Recommendation *in toto*.[1]

### Procedural History

Plaintiff, ALAN PREBLE, filed an application for disability insurance benefits on June 25, 1987, alleging disability due to manic depression and osteomyelitis of the left hip. The Social Security Administrator ("SSA") denied Plaintiff's application on July 23, 1987. Following the denial of his application, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Accordingly, ALJ Edwin C. Satter, III held a hearing on this matter on February 3, 1988. Subsequent thereto, the ALJ issued his decision denying disability insurance benefits. He concluded that Plaintiff had the capacity to perform work-related functions of at least light work and that Plaintiff's impairments did not prevent him from performing past relevant work.

Subsequent thereto, Plaintiff sought review of the ALJ's decision by the Appeals Council. However, the Appeals Council declined to review this matter, thereby making the ALJ's decision the final decision of the Secretary. Plaintiff now seeks judicial review of the Secretary's decision in federal district court pursuant to 42 U.S.C.A. Section 405(g).

By Order dated November 18, 1988, this Court referred the above-styled cause to Magistrate William C. Turnoff. Upon review of this matter, Magistrate Turnoff entered a Report and Recommendation on June 23, 1989, wherein he recommended that (i) Defendant's Motion for Judgment on the Pleadings be DENIED; (ii) Plaintiff's Motion for Summary Judgment be GRANTED; and (iii) that the Secretary's decision be REVERSED and REMANDED. After a *de novo* review of the Magistrate's Report and Recommendation, this Court is of the opinion that the Magistrate's Report and Recommendation should be ADOPTED and AFFIRMED.

### Discussion

As always, it is the function of this Court to determine whether the findings of the Secretary are supported by substantial evidence. *Johns v. Bowen*, 821 F.2d 551, 554 (11th Cir.1987). Substantial evidence is such relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Boyd v. Heckler*, 704 F.2d 1207 (11th Cir.1983). It is "more than a scintilla, but less than preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

Although this Court's role is limited, the Eleventh Circuit "has consistently emphasized that we must not act as automatons in reviewing the Secretary's decisions." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir.1987). *See also, MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1987); *Bloodsworth*, 703 F.2d at 1239. This Court must scrutinize the entire record as a whole to determine if the administrative determination is supported by substantial evidence. *Hale*, 831 F.2d at 1010–1011.

■ The ALJ is guided by four factors in determining whether a claimant is disabled within the Social Security Act. *Boyd v. Heckler*, 704 F.2d 1207, 1210 (11th Cir. 1983). These factors are (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family; and (4) the claimant's age, education and work history. *Id.* at 1210.

■ In the instant case, the ALJ discounted the opinions of Dr. Thebaut and

---

1. In adopting and affirming the Magistrate's Report and Recommendation, this Court hereby incorporates the Magistrate's factual findings, and the legal conclusions deduced therefrom.

Dr. Monterrey, Plaintiff's treating physician and psychiatrist. His reasons for doing so were that Dr. Thebaut submitted his evaluation three years after Plaintiff's last insured date, and that Dr. Monterrey had only briefly treated Plaintiff prior to his last insured date and had found Plaintiff's condition improved.

Although Dr. Thebaut's evaluation was submitted on January 20, 1988, the form specifically states that the evaluation of Plaintiff's physical capacities is based on Plaintiff's condition on or before September 30, 1985, Plaintiff's last insured date. Dr. Thebaut had been treating Plaintiff since 1981. Their relationship was established during the relevant period between December 1980 and September 1985.

■ An Administrative Law Judge must accord substantial weight to the opinion of a claimant's treating physician unless good cause is demonstrated to the contrary. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir.1985). "[I]t is not only legally relevant but unquestionably logical that the opinions, diagnosis and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." *Id.* at 962 (quoting *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir.1981)).

This Court does not agree with Defendant that the submission of Dr. Thebaut's opinion in 1988 demonstrates sufficient good cause for the ALJ to discount it. It has long been the rule in the Eleventh Circuit that the opinion of a treating physician is entitled to significant weight even if the relationship between the claimant and the physician was established after the relevant determination date. *Boyd v. Heckler*, 704 F.2d at 1211.

In the instant case, the relationship between Dr. Thebaut and Plaintiff was established during the relevant determination period. He was Plaintiff's treating physician. Consequently, his opinion must be accorded substantial weight.

■ Dr. Monterrey also treated the Plaintiff during the relevant determination period. He saw Plaintiff initially in April 1984. In his report dated September 28, 1984, he noted that the Plaintiff suffered from manic-depressive behavior and that Plaintiff needed to take medication to prevent emotional crisis. Although Dr. Monterrey notes that Plaintiff's condition had improved by September 1985, there is no other supporting information. However, this indicates that Plaintiff was treated by Dr. Monterrey for one year; longer than the brief period suggested by the ALJ. Thus, this Court does not agree that the ALJ demonstrated good cause in refusing to accord Dr. Monterrey's opinion considerable weight.

■ The evaluation of Plaintiff by Dr. Vasquez is dated June 10, 1988, subsequent to ALJ's decision of March 28, 1988. However, this opinion was before the Appeals Council at the time they considered Plaintiff's request for a review of the ALJ's decision. Dr. Vasquez had treated Plaintiff for hypertension since May 1982, when he was asked to come in on the case. His medical evaluation of Plaintiff's physical capacities is consistent with Dr. Thebaut's evaluation.

The Appeals Council dismissed Dr. Vasquez' opinion stating that it was not determinative of the issue of disability and that the weight to be given this type of opinion depended on the extent to which it was supported by medical findings and consistent with other evidence of record.

Dr. Vasquez' opinion is supported by Dr. Thebaut's opinion, Plaintiff's testimony, Plaintiff's wife's testimony and other references of record. He was a treating physician of Plaintiff. His opinion is entitled to be given substantial weight unless good cause is shown to the contrary. *Broughton*, 776 F.2d at 961. The Secretary did not demonstrate sufficient good cause for rejecting Dr. Vasquez' opinion.

■ The Secretary may not reject the opinions of Plaintiff's treating physicians simply because he reached a different conclusion after viewing the medical records. *Hillsman v. Bowen*, 804 F.2d 1179, 1182 (11th Cir.1986). It appears to this Court

that the Secretary considered that portion of the record which supported his conclusions and discounted that portion of the record that did not.

■ The ALJ stated that the testimony at the hearing did not support Plaintiff's allegations as to the combined limiting effects of his condition. However, he does not give any indication as to which portions he felt were non-supportive.

This Court finds to the contrary. The hearing testimony, especially that of Mrs. Preble, provides valuable insight into Plaintiff's condition. It is consistent with the medical evaluations of the treating physicians and psychiatrist. It is helpful in explaining the lapses regarding medical treatment of Plaintiff's condition.

The ALJ concluded that Plaintiff had the residual functional capacity to perform "light work" pursuant to 20 CFR 404.1545, and that Plaintiff was not precluded from performing his past relevant work. "Light work" as defined by 20 CFR 404.1567(b) involves lifting up to 20 lbs. at a time with frequent lifting or carrying of objects weighing up to 10 lbs. A job is also in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, one must have the ability to do substantially all of these activities.

The medical evidence and opinions of Plaintiff's treating physicians do not support the conclusion that Plaintiff could perform substantially all of these activities during the relevant period. Plaintiff's past relevant work required the performance of light work. Consequently, it is this Court's conclusion that the Secretary's decision determining that Plaintiff could perform his past relevant work is not supported by substantial evidence.

Based upon the foregoing, it is hereby

ORDERED AND ADJUDGED that:

(i) Defendant's Motion for Judgment on the Pleadings is DENIED;

(ii) Plaintiff's Motion for Summary Judgment is GRANTED; and

(iii) the Secretary's decision is REVERSED and REMANDED.[2]

DONE AND ORDERED.

2. Upon remand, the Secretary should proceed to the fifth and final step in the sequential evaluation process, pursuant to 20 CFR Section 416.920(f), for a determination as to whether Plaintiff can perform other work.