[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 20, 2008
THOMAS K. KAHN
CLERK

No. 08-11113
Non-Argument Calendar

_____

D. C. Docket No. 06-01765-CV-ORL-GJK

ANGELA WILKINSON,

                                                      Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 20, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

     This is Angela Wilkinson's appeal from the district court's judgment

affirming the Administrative Law Judge's denial of her application for

supplemental security income under 42 U.S.C. § 1383(c)(3).  Wilkinson raises two issues.

First, Wilkinson contends that the ALJ improperly weighed the medical opinions presented.  She argues that the ALJ discounted the opinions of examining physicians, including two specialists, in favor of the opinion of a non-examining, non-specialist state agency physician.

The ALJ did not err in assigning minimal weight to the medical opinion of the examining physicians supporting Wilkinson's claim of disability because he found, after reviewing the entire record, that their opinions were not supported by the evidence.  See Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." (quotation marks and citation omitted)); see also 20 C.F.R. § 404.1527(b) ("[The ALJ] will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . receive[d].").

The ALJ did not give undue weight to the opinion of the non-examining state agency physician because he did not rely solely on that opinion.  See Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (holding that "taken alone" the opinions of non-examining physicians "do not constitute substantial evidence on which to base an administrative decision").  The ALJ considered the

2

opinions of other treating, examining, and non-examining physicians; rehabilitation discharge notes indicating improvement; and Wilkinson's own disability reports and testimony. The record supports the ALJ's finding that Wilkinson had the residual functional capacity to perform light work. The ALJ was not required to list in detail every bit of evidence he relied on to reach that decision. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision").

Second, Wilkinson contends that the ALJ improperly applied the pain standard in evaluating her testimony about her subjective complaints of pain. The ALJ found that, although Wilkinson had medically determinable and severe conditions that caused her some functional limitations, her statements about the intensity, duration, and limiting effects of her symptoms were not entirely credible. Substantial evidence in the record supports the ALJ's findings. The ALJ observed that Wilkinson's testimony about the extent of her limitations was inconsistent with medical evidence and disability reports regarding her daily activities. Thus, the ALJ articulated explicit and adequate reasons for his findings. See Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) ("[C]redibility determinations are the province of the ALJ."); see also Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th

3

Cir. 2002) (holding that findings such as effectiveness of treatment, ability to perform daily activities, and limited use of pain medication can support an ALJ's decision to discredit subjective testimony).

**AFFIRMED**.