[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16028
Non-Argument Calendar
_____

D. C. Docket No. 07-00280-CV-OC-GRJ

JIM WRIGHT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,

SOCIAL SECURITY ADMINISTRATION,

Interested
Party-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jim Wright appeals the district court's order affirming the Commissioner's denial of his applications for supplemental security income and disability insurance benefits. On appeal, Wright argues that the Administrative Law Judge's ("ALJ's") decision denying benefits is not supported by substantial evidence because the ALJ's hypothetical questions to the Vocational Expert ("VE") did not include all of his mental health impairments.

In a Social Security case, we review the Commissioner's factual findings to determine if they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983)). "'We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004) (quoting *Bloodsworth*, 703 F.2d at 1239). The Commissioner's legal conclusions are reviewed *de novo*. *Ingram*, 496 F.3d at 1260.

The Social Security regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.

The claimant has the burden of proof with respect to the first four steps: (1) whether he is currently performing a substantial gainful activity; (2) whether he has a severe impairment; (3) whether that severe impairment meets or exceeds an impairment in the listings; and (4) whether he can perform his past relevant work. *Phillips*, 357 F.3d at 1237-39. Under the fifth step, the burden shifts to the Commissioner to show that the claimant can perform other jobs that exist in the national economy. *Id.* at 1240, 1241 n. 10.

One way in which an ALJ may determine whether such jobs exist is by posing hypothetical questions to a VE. *Id.* at 1240. "'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Ingram*, 496 F.3d at 1270 (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). However, the ALJ is not required to include findings in the hypothetical that the ALJ properly rejects. *See Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (findings rejected as unsupported). Moreover, if additional impairments asserted by a claimant are not supported by substantial evidence, they do not need to be included in a hypothetical. *Id.* A hypothetical need not include "each and every symptom" alleged by a claimant. *Ingram*, 496 F.3d at 1270.

Under Steps 4 and 5, the ALJ must determine the claimant's residual functional capacity ("RFC"). "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). In evaluating the claimant's RFC, the ALJ must give substantial weight to the opinions of a treating physician unless the ALJ identifies "good cause" for not doing so. *Id.* The ALJ is not required to give the same amount of weight to the opinions of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). The ALJ is required "to state with particularity weight he gave the different medical opinions." *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987).

In this case, the evidence in the record demonstrates that Wright had moderate difficulties in maintaining his concentration, persistence and pace, and moderate difficulties in social functioning. He was also limited to work involving simple tasks or simple instructions. The ALJ included all of these limitations in his hypothetical questions to the VE. Although Wright was also diagnosed with Personality Disorder NOS, the record did not include any functional limitations caused by this disorder, and, therefore, we conclude that the ALJ did not have to include this diagnosis in his hypotheticals. Accordingly, we affirm the district

court's order affirming the Commissioner's denial of benefits.

**AFFIRMED.**