[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16527
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80050-FJL


ESPERANZA REYES HERNANDEZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Esperanza Hernandez appeals the magistrate judge's order[1] affirming the Social Security Commissioner's (Commissioner) denial of her application for disability insurance benefits (DIB), 42 U.S.C. § 405(g), and Supplemental Security Income (SSI), 42 U.S.C. § 1383(c)(3).  On appeal, Hernandez asserts that the Administrative Law Judge's (ALJ) credibility determination regarding her complaints of pain was not supported by substantial evidence.  She argues that the ALJ erred in relying exclusively on the objective medical findings because her case involved pain and symptoms related to fibromyalgia, which could not be properly evaluated solely with objective testing.  She further asserts that the ALJ did not provide good cause to support the decision to give little weight to the opinions of her treating physicians, Drs. J.A. Halim and Jean Pierre.  Hernandez asserts that the ALJ ignored evidence regarding the severity of her conditions, and that the ALJ's reliance on the consultative physicians was misplaced.  After a thorough review of the record and consideration of the parties' briefs, we affirm.

I.

In Social Security appeals, we treat the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the Commissioner's legal conclusions de novo

---

[1] The parties consented to proceed before a magistrate judge in the district court.

2

and consider whether the Commissioner's factual findings are supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, "the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.* When evaluating a claimant's subjective symptoms, the ALJ must

3

consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3). We have recognized that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on a[n] individual's described symptoms," and that the "hallmark" of fibromyalgia is therefore "a lack of objective evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

A review of the record shows that substantial evidence supports the ALJ's credibility determination. The ALJ found that the objective medical records and Hernandez's self-reports to her doctors did not support the alleged severity of her symptoms, and that the records were inconsistent with the degree of impairment alleged by Hernandez. Furthermore, there was no explanation in the record or on appeal as to how Hernandez was able to walk with a normal gait and have no complaints of pain when visiting her neurological doctors, but needed a wheelchair or ankle brace and complained of debilitating pain when seeing her orthopedic doctors. Based on this record, substantial evidence supports the ALJ's determination that Hernandez's testimony regarding the severity and limiting effect of her pain was not credible.

II.

4

When evaluating an applicant's claim for social security disability benefits, the ALJ must give "substantial weight" to the opinion of the applicant's treating physician "unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *see also Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." (alteration and internal quotation marks omitted)).

We have held that:

> '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons.

*Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and "the failure to do so is reversible error." *Callahan*, 125 F.3d at 1440. The opinion of a reviewing, non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However,

5

good cause may arise when a treating physician's report is wholly conclusory or not accompanied by objective medical evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam).

A review of the record shows that the ALJ provided good cause for affording little weight to the opinions of Hernandez's treating physicians because those opinions were inconsistent with the doctors' own treatment notes and with the objective medical evidence. For example, in a letter dated September 15, 2010, Dr. Halim stated that the nerve tests confirmed that Hernandez's right carpal tunnel syndrome was only "mild" and that the pain medication seemed to help with Hernandez's lower back pain. Yet, a few days letter, on September 22, 2010, Dr. Halim wrote another letter and stated that because of Hernandez's chronic lower back pain and carpal tunnel, she could not work. Similarly, Dr. Pierre's opinion that Hernandez suffered from fibromyalgia and severe arthritis is not supported by the record. Dr. Pierre's report was limited to the time from November 1, 2007, through December 31, 2008. The record indicates that Hernandez did not report having symptoms of fibromyalgia until June 2009. Thus, the record does not support Dr. Pierre's assertion that Hernandez suffered from fibromyalgia during the relevant time period—November 1, 2007, through December 31, 2008. These inconsistences gave the ALJ good cause to accord less weight to Hernandez's treating physicians.

6

**AFFIRMED.**