[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11950
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01114-PDB

JANE E. COSTIGAN,

                                                    Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 26, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jane E. Costigan appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability insurance benefits ("DIB") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  We affirm.

## I.

On December 9, 2009, Costigan, then 55 years old, filed an application for Social Security Disability ("SSD") benefits alleging disability commencing on August 3, 2008.  Her claims were denied initially and upon re-consideration.  At her request, a hearing was held before an ALJ in June 2011.  At the hearing, Costigan attributed her disability to chronic neck, back and hip pain, anxiety, insomnia, and hypertension, all of which interfered with her ability to perform the duties of her prior work as a restaurant waitress.  Medical records considered by the ALJ reflected treatment for those conditions by Dr. David Kemp, M.D.  She was prescribed various medications including Lortab and Flexeril for her neck and back pain, Restoril for her insomnia, and Valium for her anxiety.  Following a May 2009 visit, Dr. Kemp noted that Costigan's pain was controlled and that she was functional on the medications and without side effects.  He further noted that Costigan had taken a new job at a convenience store.  Additional notes stated that her chronic pain was stable, she was functional with medication, and her mood was stable.

2

The ALJ examined a vocational expert ("VE") who classified Costigan's past work experience as "waitress, informal," which had a "light" exertion level and was a semi-skilled position according to the Dictionary of Occupational Titles. The VE opined that an individual based on Costigan's hypothetical could not perform her past work of "waitress, informal," but that there were other positions in the national economy that the individual could perform including office helper, ticket taker, and nut and bolt assembler.

The ALJ also considered opinions of various other non-examining consultants, including Dr. Ronald Chase, M.D. and Dr. Martin Falb, Ph.D., who concluded that Costigan's anxiety resulted in a mild restriction of activities of daily living and maintaining social functioning. Upon review of the medical and other evidence, the ALJ issued an unfavorable decision concluding that Costigan had not been under a disability within the meaning of the Social Security Act from August 3, 2009, through the date of the decision, July 26, 2011, applying the five-step sequential evaluation process required by 20 C.F.R. § 416.920(a). In reaching its conclusion, the ALJ determined that Dr. Kemp's opinion was not entitled to controlling or substantial weight, even though he was Costigan's treating physician, because it was not well-supported by medically acceptable clinical or laboratory diagnostic techniques and was inconsistent with his own reports. The ALJ gave great weight to the opinions of Dr. Falb and Dr. Chase. In addition, the

3

ALJ concluded that the overall record indicated that, while Costigan had some limitations in her physical and mental abilities, she did not have the type of limitations which would preclude her from performing her past relevant work as a waitress.

On appeal to the Appeals Council, Costigan requested that the Council consider additional evidence, including an MRI of her cervical and lumbar spine conducted by Dr. J.H. Kim, M.D., a radiologist. The MRI indicated severe degenerative disc disease. Dr. John C. Stevenson, M.D., an orthopaedic surgeon, also saw Costigan and reported scoliosis with multi-level degenerative disc disease.

The Appeals Council denied Costigan's request for benefits. The Appeals Council noted that it looked at the additional medical records, but because the records post-dated the ALJ's decision, they did not affect the decision about whether Costigan was disabled on or before July 26, 2011. Costigan then filed this appeal. A later decision by the Commissioner found that she was disabled as of the next day—July 27, 2011.

## II.

Costigan first argues that the ALJ erred by applying incorrect legal standards in evaluating her subjective pain complaints and her credibility, and that his credibility findings are not supported by substantial evidence. She argues that Dr.

4

Kim's MRI reports provide substantial evidence to support her credibility regarding her pain and symptom testimony. She further argues that the ALJ failed to properly challenge her credibility regarding the chronicity or severity of her pain because he did not call a medical expert or otherwise produce competent evidence that her condition would not reasonably be expected to cause her subjective neck and back pain.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* If the decision reached is supported by substantial evidence, we must affirm even if the evidence preponderates against the Commissioner's findings. *Id.*

A claimant for disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). There is a five-step evaluation process to determine whether the claimant is disabled, which is as

5

follows: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work, [even with] the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform in light of the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

When a claimant attempts to establish a disability through her own testimony concerning pain or other subjective symptoms, we apply a three-part test, which requires (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (b) that the objectively determined medical condition is of a severity that can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The ALJ

6

must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.*

If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ must consider all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors. *Id*. § 404.1529(c)(1)-(2). The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms. *Id*. § 404.1529(c)(3). The ALJ must then examine the claimant's statements regarding her symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id*. § 404.1529(c)(4).

We find that the ALJ applied the correct legal standard in concluding that Costigan's impairment could reasonably be expected to cause her alleged symptoms, but that her report of pain was subjective and in excess of the medical evidence of record and other evidence in her file, and, therefore, not credible to the extent that it was inconsistent with the RFC assessment. *See Wilson*, 284 F.3d at 1225; 20 C.F.R. §§ 404.1529(c)(1). Second, there was no objective medical information before the ALJ to otherwise support Costigan's credibility. *See Wilson*, 284 F.3d at 1225; 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1528(a), 404.1512(b)(1). Third, the ALJ specifically articulated his reasons for discrediting Costigan's subjective pain testimony, including inconsistencies regarding side effects of her medications, her pain rating, and her under-reporting of daily activities. *See Marbury*, 957 F.2d at 839; *see also* 20 C.F.R. § 404.1529(c)(3), (4).

As to the MRI report by Dr. Kim, a claimant is generally allowed to present new evidence at each stage of the administrative process. *See* 20 C.F.R. § 404.900(b). The Appeals Council must consider new, material evidence if it relates to the period on or before the ALJ's decision, and must then review the case if the ALJ's decision is contrary to the weight of the evidence currently of record. *Id.* § 404.970(b). When a claimant properly presents new evidence to the Appeals Council and it denies review, a reviewing court essentially considers the claimant's evidence anew to determine whether "that new evidence renders the denial of

8

benefits erroneous." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

Because the MRI report by Dr. Kim that Costigan provided to the Appeals Council did not bear directly on Costigan's subjective complaint of pain at the time of the hearing before the ALJ, the new evidence does not render the ALJ's denial of benefits erroneous. *See Ingram*, 496 F.3d at 1262. The information post-dated the hearing by four to eight months, and thus does not bear directly on Costigan's subjective complaint of pain at the time of the hearing. Even if, however, the new evidence applied to the relevant timeframe, substantial evidence supports the ALJ's credibility finding because multiple inconsistencies called into doubt the reliability of Costigan's testimony. *See Marbury*, 957 F.2d at 839. First, although Costigan testified that her medications caused side effects such as drowsiness, Dr. Kemp's records note that she denied side effects. Secondly, although Costigan reported "burning" and "unbearable" pain, Dr. Kemp noted that her pain was "stable" and/or "controlled." And, although Costigan reported that she was unable to work at all since August 3, 2009, due to her neck and back pain, records showed that she had worked and been paid after that.

### III.

Costigan next contends that the ALJ erred by rejecting her treating physician's (Dr. Kemp's) opinion. When evaluating an applicant's claim for social

9

security disability benefits, the ALJ must give "substantial weight" to the opinion of the applicant's treating physician unless "good cause" exists for not heeding the treating physician's diagnosis. *Crawford*, 363 F.3d at 1159; *see also Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." (internal quotation marks and alternation omitted)).

We have held that good cause exists when: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the doctor's own medical records. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and the failure to do so is reversible error. *Id.*

The ALJ articulated good cause for rejecting Dr. Kemp's opinion that Costigan was disabled to the point that she could not work: (1) his findings were based on Costigan's subjective reports and he had no objective medical records on which to base his opinion; (2) his opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (3) his treatment

10

notes were inconsistent with his opinion that Costigan was unable to perform even sedentary work activity. *See Lewis*, 125 F.3d 1440. Substantial evidence supports the ALJ's stated reasons, first, because the physician's opinion did not appear to be based on any objective medical evidence, such as medically acceptable clinical diagnostic techniques or laboratory findings, and, second, no such evidence was part of the record before the ALJ. *See Crawford*, 363 F.3d at 1158; *Lewis*, 125 F.3d 1440. Instead, he provided only conclusory statements that certain activities would aggravate Costigan's chronic neck and low back pain or based his findings on Costigan's self-reports of symptoms. Additionally, his opinion that Costigan was unable to perform even sedentary work activity was contradicted by his own records. Thus, the ALJ provided good cause and specific reasons for giving little weight to the treating physician's opinion, and the ALJ's reasons are supported by substantial evidence. *Crawford*, 363 F.3d at 1158-59; *Lewis*, 125 F.3d at 1440.

## IV.

Finally, Costigan argues that her due process rights were violated because she was found to be not disabled as of August 3, 2009 in an order by the ALJ dated July 26, 2011, but a later decision by the Commissioner found that she was disabled as of July 27, 2011.

The fundamental requirement of due process is the right to be heard at a meaningful time and manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct.

11

893, 902 (1976).  We have explained that a claimant who sought to reopen a decision was afforded procedural due process where he "was represented by counsel at an administrative hearing and had the opportunity to present all information relevant to the reopening decision, as well as the right to appeal." *Cherry v. Heckler*, 760 F.2d 1186, 1190-91 (11th Cir. 1985).

Costigan has not shown how she was deprived of an opportunity to be heard at a meaningful time and in a meaningful manner.  *See Eldridge*, 424 U.S. at 333, 96 S.Ct. at 902.  Additionally, Costigan was represented by counsel at her hearing before the ALJ and has taken full advantage of the appeals process.  *See Cherry*, 760 F.2d at 1190-91.  Furthermore, as explained, *supra*, the ALJ's decision is supported by substantial evidence in the record.

We therefore affirm.

**AFFIRMED.**