[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12927

Non-Argument Calendar

_____

DEMECO GRANT,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00802-ACA

_____

Before NEWSOM, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Demeco Grant appeals the District Court's order affirming the Social Security Commissioner's ("Commissioner") denial of his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). First, Grant argues that the administrative law judge ("ALJ") failed to accord proper weight to his treating physician or show good cause in finding that the opinion was an issue reserved to the Commissioner. Grant also contends the "treating physician rule," which was abolished under new regulations, was still in effect in this Court and that the new regulations do not supersede our precedent. Second, Grant argues that the ALJ's decision was not based on substantial evidence because the ALJ failed to accord proper weight to his treating physician's opinions and improperly disregarded the opinions of other doctors. Grant also argues that the ALJ relied on vocational expert testimony that was not based on a correct or full statement of Grant's limitations and impairments.

## I.

When an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review *de novo* the legal principles on which the Commissioner's decision is based. *Ingram v. Comm'r of Soc.*

*Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The Commissioner's factual findings are conclusive if supported by substantial evidence. *Id.* The Commissioner's decision will not be disturbed if, in light of the record as a whole, it appears to be supported by substantial evidence, which is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

### A.

For claims filed on or after March 27, 2017, new regulations apply regarding the consideration of medical opinions. *See* 20 C.F.R. § 404.1520c. This new regulatory scheme no longer requires the ALJ to assign more weight to medical opinions from a claimant's treating source or to explain why good cause exists to disregard the treating source's opinion. *Compare* 20 C.F.R. § 404.1520c(a), *with* 20 C.F.R. § 404.1527(c)(2). Before the new regulations, we had held that the opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). However, we recently held that § 404.1520c "falls within the [Commissioner's] express delegation to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' for adjudicating disability claims." *Harner v. Soc. Sec. Admin., Comm'r*, 38

F.4th 892, 897 (11th Cir. 2022) (quoting 42 U.S.C. § 405(a)).  We determined that, because the promulgation of § 404.1520c was also not arbitrary and capricious, the new regulation abrogated our treating physician rule.  *Id.* at 897–98.

Here, Grant's initial claim was not filed until June 12, 2017, after the date in which § 404.1520c took effect.  Therefore, the new regulation applies and the ALJ did not err in applying § 404.1520c.

### B.

An appellant abandons a claim, when, among other things, (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," or (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).  Further, we held in *Harner* that the appellant had "forfeited any challenge" to issues on appeal where the argument in the appellant's brief consisted "only of block quotations from and cursory mentions of various decisions of this and other courts."  38 F.4th at 898–99.

Here, Grant's brief consists largely of block quotations with only passing or conclusory references to how the law and the relevant facts relate.  One issue that Grant raises is that the ALJ erred in not giving adequate weight to the testimony of Grant's treating

21-12927                Opinion of the Court                5

physician solely because the ALJ found the physician had made a "[s]tatement on issues reserved to the Commissioner." 20 C.F.R. § 404.1520b(c)(3). Rather, the record reflects that the ALJ discounted the physician's statement that Grant was not "able to work, or able to perform regular or continuing work." 20 C.F.R. § 404.1520b(c)(3)(i). This was proper, as such a statement is "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c). The ALJ provided grounds for finding the remainder of the treating physician's testimony unpersuasive independent of the finding that the physician expressed an opinion on an issue reserved to the Commissioner.

Therefore, the ALJ did not err and, to the extent Grant's challenges are not forfeited, substantial evidence supports the ALJ's finding that the treating physician's opinion was otherwise not persuasive.

## II.

Finally, Grant asserts that the ALJ's findings were not supported by substantial evidence because the ALJ did not properly weigh the opinions of Grant's physicians and relied on vocational expert testimony that did not take into consideration the limitations expressed in those physicians' opinions. To the extent these arguments are not forfeited, *see Harner*, 38 F.4th at 898, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the [ALJ's] decision reached is supported by sufficient evidence. *Crawford*, 363 F.3d at 1158–59 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). That is to say,

obtaining a reversal of a decision reviewed for substantial evidence is a high bar to clear.

Here, Grant does not point to what specifically in the ALJ's decision making process regarding the testifying witnesses he contends was erroneous. And Grant provides citation to no legal authority to support this argument. Therefore, substantial evidence supports the ALJ's finding that the opinions of certain medical sources were partially persuasive or unpersuasive, as they either did not set out particular limitations or were inconsistent with the record. And substantial evidence supports the limitations the ALJ included in the hypothetical questions posed to the vocational expert, as they were supported by the medical records.

**AFFIRMED.**