[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10497

Non-Argument Calendar

_____

LYDIA GLOVER,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01622-GMB

_____

Before LAGOA, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Lydia Glover appeals the district court's order affirming the Social Security Administration ("SSA") Commissioner's denial of her application for disability insurance benefits ("DIB"). The only issue on appeal is whether the ALJ applied the right legal standard in evaluating two medical opinions. After careful review, we affirm.

## I.    BACKGROUND

On September 11, 2017, Glover applied for DIB. Glover alleged that since July 17, 2017, she was disabled due to a total left knee replacement, high blood pressure, diabetes, seizures, arthritis, and carpal tunnel syndrome. The SSA denied her claim.

On March 15, 2018, Glover requested a hearing before an administrative law judge ("ALJ"). Before the hearing, Glover submitted medical records from multiple medical sources, including an orthopedic clinic, a surgery center, a neurology center, and various treating physicians. This evidence demonstrated that she sought treatment for, *inter alia*, left knee pain, seizures, depression, and anxiety over the years. Also in the record was an opinion from a state agency physician who had reviewed Glover's medical records. As relevant to this appeal, Glover submitted a physical capacities form from one of her

treating physicians, Dr. Xavier Smith, and a mental health source statement from her treating psychiatrist, Dr. Huma Khusro.

On August 22, 2019, the ALJ held a hearing. At the hearing, Glover, who was represented by an attorney, testified about, *inter alia*, her prior work experience, her medical history, and the effect of her impairment on her abilities. A vocational expert also testified.

On November 15, 2019, after considering the evidence in the record, the ALJ found Glover "not disabled."[1] The ALJ reviewed the evidence and determined that Glover had two severe impairments—status-post left knee replacement and epilepsy—and multiple non-serve impairments, such as depression. The ALJ found Glover retained the residual functional capacity to perform "light work," with certain restrictions, such as climbing, stooping, kneeling, crouching, crawling, and balancing.

In doing so, the ALJ found Dr. Smith's opinion as to Glover's physical capacities to be "less persuasive" because his opinion was inconsistent with his conversative treatment (medication and physical therapy). Similarly, the ALJ found Dr. Khusro's opinion as to Glover's mental limitations "less persuasive" because her opinion was inconsistent with her own treatment notes and other record evidence, reflecting (1) her conservative treatment, (2) the moderate nature of Glover's depression, and (3) Glover's

---

[1] To qualify for DIB, a claimant must be disabled. 42 U.S.C. § 423(a)(1)(E); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

improvements in how she felt, slept, and did things around the house.

Lastly, based on testimony from a vocational expert, the ALJ determined that Glover could perform her past relevant work as a parts inspector.

Glover appealed the ALJ's decision to the Appeals Council, which denied her request for review on September 22, 2020.

Glover sought review of the Commissioner's final decision in the district court, where she was represented by an attorney. The parties consented to have a magistrate judge decide the case pursuant to 28 U.S.C. § 636. On January 26, 2022, the magistrate judge affirmed the Commissioner's decision.

Glover filed a motion for a "new trial" under Federal Rule of Civil Procedure 59. The magistrate judge (1) construed Glover's motion as a motion to alter or amend the January 2022 judgment, (2) concluded that Glover was merely restating old arguments, and (3) denied Glover's motion.

Glover timely appealed. In her notice of appeal, Glover designated only the January 2022 judgment, not the denial of her Rule 59 motion.

## II.    STANDARD OF REVIEW

Our review in a social security case is the same as that of the district court. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). We review de novo the legal principles on which the ALJ's

decision was based. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1103 (11th Cir. 2021). But "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Rather, we must defer to the Commissioner's decision if it is supported by substantial evidence. *Id.*

## III.   DISCUSSION

In her counseled brief, Glover primarily argues the ALJ improperly declined to apply the treating physician rule to Drs. Smith and Khusro's medical opinions. In conclusory fashion, Glover also contends that the ALJ's finding that she could perform her past relevant work is not supported by substantial evidence and is not in accordance with proper legal standards and that the magistrate judge wrongly denied her Rule 59 motion.

We address the first issue, but, as explained below, we decline to address the other two issues because they are not adequately briefed and are thus deemed abandoned.

## A.   Treating Physician Rule

Before the ALJ, Glover presented evidence from her treating physician, Dr. Smith, and her treating psychiatrist, Dr. Khusro. The ALJ declined to apply the treating physician rule to the medical opinions of Drs. Smith and Khusro. We readily conclude the ALJ properly declined to apply the treating physician rule in this case.

The "treating physician rule . . . was originally developed by Courts of Appeals as a means to control disability determinations

by [ALJs] under the Social Security Act." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829, 123 S. Ct. 1965, 1969 (2003) (citation omitted); *see, e.g.*, *Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir. 1985). The rule instructed ALJs to defer to the medical opinions of a social security claimant's treating physicians. Under that rule, an ALJ must give a treating physician's opinion substantial or considerable weight or articulate good cause for not doing so. *See, e.g.*, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

In 1991, the SSA promulgated a regulation that adopted the court-made treating physician rule. *Nord*, 538 U.S. at 829, 123 S. Ct. at 1969; *see* 56 Fed. Reg. 36932, 36961 (Aug. 1, 1991). The regulation required ALJs to "[g]enerally . . . give more weight" to the opinions of treating physicians unless there was good cause not to do so. 20 C.F.R. § 404.1527(d)(2) (1992); 20 C.F.R. § 404.1527(c)(2).

However, in 2017, the SSA eliminated the treating physician rule. 82 Fed. Reg. 5844, 5867–68 (Jan. 18, 2017); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 894 (11th Cir. 2022) ("[T]he new regulation validly abrogated the treating-physician rule."). Under the new regulation, ALJs are to give no "defer[ence] or any specific evidentiary weight, including controlling weight," to a treating physician's opinion. 20 C.F.R. § 404.1520c(a). Instead, ALJs must weigh medical opinions based on their persuasiveness. *Id.*

22-10497              Opinion of the Court              7

Today, the applicability of the treating physician rule depends on when the claimant filed his or her application. Claims filed before March 27, 2017 (the date in which the new regulation took effect) are still subject to the old regulation and thus the treating physician rule. *Id.* § 404.1527; *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019). But "claims filed . . . on or after March 27, 2017" are subject to the new regulation, which, as explained above, does not provide for the treating physician rule. *See* 20 C.F.R. § 404.1520c.

Glover applied for DIB on September 11, 2017. Because Glover filed her application after March 27, 2017, her claim is governed by the new regulation.

Glover contends this Court's precedent applying the treating physician rule remains good law and is controlling despite the Commissioner's later-promulgated regulations. That argument is foreclosed by our decision in *Harner*, which was issued after briefs were filed in this case. In *Harner*, we concluded that the Commissioner's promulgation of the new regulation in § 404.1520c abrogated this Court's earlier precedent establishing and applying the treating physician rule. 38 F.4th at 896.[2]

---

[2] Glover's reliance on *Simon* is misplaced. In *Simon*, this Court applied 20 C.F.R. § 404.1527(c)(2)'s treating physician rule because the claimant's application was filed in March 2015. *Simon*, 7 F.4th at 1104 & n.4. We explicitly declined to address in *Simon* "how the new regulation bears on our precedents requiring an ALJ to give substantial and considerable weight to a

We conclude the ALJ applied the proper legal standard by evaluating the persuasiveness of the medical opinions of Glover's treating physician and psychiatrist rather than treating those opinions as controlling under the treating physician rule. *See id.* at 898 ("[B]ecause [§] 404.1520 forbids [ALJs] from deferring or giving any specific evidentiary weight, including controlling weight, to any medical opinions, the [ALJ] did not err by declining to give more weight to the medical opinions of Harner's treating physicians." (cleaned up)).

On appeal, Glover focuses only on the ALJ's failure to apply the treating physician rule. She raises no substantive challenge to the ALJ's assessment about the persuasiveness of the medical opinions of her treating physician and psychiatrist under the new regulation. As a result, whether the ALJ's evaluation complied with the new regulation is not an issue before this Court and need not be addressed. *Access Now, Inc. v. Sw. Airlines*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").[3]

---

treating physician's opinions absent good cause to do otherwise." *Id.* at 1104 n.4. *Harner* has now resolved that issue.

[3] Glover briefly argues that the magistrate judge improperly affirmed the ALJ's decision as to Drs. Smith and Khusro's opinions using a *post hoc* rationalization that the doctors' opinions were on one page, fill-in-the-blank forms. It is well-established that an ALJ cannot reject a medical opinion because it is not in a particular format. *Schink*, 935 F.3d at 1261. Here, the magistrate judge, *not the ALJ*, noted the format of Drs. Smith and Khusro's

## B.     Abandoned Issues

Glover abandoned her argument that the ALJ's finding that she could perform her past relevant work was unsupported by substantial evidence and was not in accordance with proper legal standards. Glover's counseled appellate brief raised this contention in a perfunctory manner, without advancing any specific arguments about how the ALJ failed to support its opinion with substantial evidence. Glover merely cites a few cases without explaining how those decisions apply to her case. *See Harner*, 38 F.4th at 898–99 (concluding that the claimant "forfeited any challenge" to aspects of the ALJ's decision mentioned in her brief when the claimant's counseled brief "consist[ed] only of block quotations from and cursory mentions of various decisions of this and other courts" without reference to the facts of claimant's case and without "any meaningful explanation" about how the cited decisions applied to her claim). Therefore, we decline to address this issue.

---

opinions. This Court's review focuses only on whether the agency decision is supported by substantial evidence. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). Because our review of the proceedings before the magistrate judge/district court is de novo, we need not address the magistrate judge's reasoning.

10                  Opinion of the Court                  22-10497

Similarly, Glover abandoned her challenge to the magistrate judge's denial of her Rule 59 motion. Her counseled brief devoted three sentences to this issue and set forth no argument or legal authority. *See Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant forfeits an issue when she "raises it in a perfunctory manner without supporting arguments and authority"). Accordingly, we do not address this issue either.[4]

**AFFIRMED.**

---

[4] As noted above, Glover's notice of appeal designated only the January 2022 judgment, not the denial of her Rule 59 motion. However, because Glover abandoned any issue with respect to the district court's denial of her Rule 59 motion, we need not address whether her notice of appeal should be construed to include that ruling.